UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK KELLETT, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1211 SNLJ |
| | ) | |
| | ) | |
| THE FLETCHER COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on defendant's motion to quash garnishment (#32). Plaintiff obtained a consent judgment against defendant in the amount of $72,584.25 on June 20, 2014, with the execution stayed so long as defendant complied with the payment plan set out in the consent judgment. (#16.) A writ of garnishment was issued on the assets of defendant on July 31. Plaintiffs filed a release of garnishment on August 13 that stated "this partial release applies only to any amounts being held above $11,000." (#21.) After that release, defendant stated that business was not going well, and the parties agreed that execution of the judgment would be stayed so long as defendant paid $1,000 per month to plaintiff and stayed current on its payments.

On December 18, plaintiff caused a writ of execution to be issued by the Court seeking the unpaid balance of $48,084.25. A copy was served on the defendant's bank, US Bank, which froze defendant's account. Defendant filed the instant motion on January 22, 2015. The garnishment was returnable on January 26, 2015, and US Bank deposited the funds with the Court on February 2, 2015. Briefing on this motion was not complete until February 6, 2015.

Defendant's sole basis for quashing the garnishment was that it had complied with its obligation to pay the $1,000 per month. However, plaintiff explains that its counsel told defendant that although $1,000 per month was acceptable only on an interim basis, it would not suffice as a payment plan for the balance of the judgment. Plaintiff also submitted an affidavit that (as of January 29, 2015) defendant had made only two $1,000 payments since October 2014. To the contrary, defendant submitted an affidavit stating that all four payments had been made, though one was late.

Despite this factual dispute, the purported agreement on which defendant relies appears to be gratuitous, and as such there is no consideration for plaintiffs' forbearance. Absent a valid reason for quashing the garnishment, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to quash garnishment (#32) is **DENIED**.

Dated this 6th day of March, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE